**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**


Date:               May 20, 2014

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Tracy Weir
Interpreter:       Phoung Ha
Probation Officer:  Michelle Means

---

**Criminal Action No.  13-cr-00181-REB-4**

*Parties:*                              *Counsel:*

UNITED STATES OF AMERICA,               Guy Till

        Plaintiff,

v.

4.  DIEN THANH NGO,                     Donald Lozow

        Defendant.

---

**SENTENCING MINUTES**

---

**11:17 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter: government and defendant stipulate as to interpreter's qualifications;
interpreter sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has
conducted a presentence investigation and has filed a presentence report and

addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Also pending before the court relevant to sentencing are the following papers:
*   the **Defendant's Objections to Presentence Report** [#258] filed March 6, 2014;
*   the **Government's Objections to Presentnece** [sic] **Report (#222) and Response to Defendant NGO's Objections (#258)** [#259] filed March 7, 2014;
*   the **Defendant's Motion for Downward Variance and Departure and Request for Notice Pursuant to 18 U.S.C. § 3553 (a) and Other Mitigating Factors** [#260] filed March 10, 2014;
*   the **Government and Response to Defendant Ngo's Motion for Downward Departure and Variance** [#261] filed March 27, 2014;
*   the **Government's Motion to Dismiss Title 21 U.S.C.§851 Information (#115)**[#262] filed March 28, 2014;
*   the **Government's Motion to Dismiss Count One, Count Four, and Count Five of the First Superseding Indictment (391) as to Defendant Dien Thanh Ngo, Only** [#263] filed March 28, 2014; and
*   the **Government's § 5K1.1 and § 3553(e) Motion for Downward Departure Based on Substantial Assistance** [#268] filed May 20, 2014.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

   **IT IS ORDERED** as follows:

   1.   That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

   2.   That the pending motions are resolved as follows:

- the **Defendant's Motion for Downward Variance and Departure and Request for Notice Pursuant to 18 U.S.C. § 3553 (a) and Other Mitigating Factors** [#260] is **DENIED**;
- the **Government's Motion to Dismiss Title 21 U.S.C.§851 Information (#115)** [#262] is **GRANTED**;
- the **Government's Motion to Dismiss Count One, Count Four, and Count Five of the First Superseding Indictment (391) as to Defendant Dien Thanh Ngo, Only** [#263] is **GRANTED**; and
- the **Government's § 5K1.1 and § 3553(e) Motion for Downward Departure Based on Substantial Assistance** [#268] is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 6 of the First Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **seventy (70) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **four (4) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

  - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

  - that the defendant shall not possess or use illegally controlled substances;

- that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo a substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

11. That this court recommends that the Bureau of Prisons designate the defendant to an official detention facility that will facilitate his participation in and completion of RDAP, preferably a facility in the State and District of Colorado; and

12.     That the defendant is remanded to the custody of the United States
        Marshal.

The defendant is advised of the right to appeal the sentence imposed by the court.

**12:03 p.m.    Court in recess.**

Total time in court: 00:46

Hearing concluded.